UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:04-cr-40002-NMG |
| | ) | |
| JOSEPH DiFLUMERA | ) | |

**DEFENDANT'S ASSENTED-TO MOTION TO
RESCHEDULE PLEA AND SENTENCING DATE**

Defendant Joseph DiFlumera, by and through his attorney, hereby requests that the Court reschedule the currently established date and time for the plea hearing and sentencing in this action. In support of this motion, DiFlumera states as follows:

1. The plea and sentencing hearing in this case is currently set for **Friday, July 2, 2004 at 3:00 p.m.** This falls on the eve of three-day "Fourth of July" holiday weekend.

2. The sentencing hearing in this action is likely to be more involved than in most cases, for the reason that there are a number of factual disputes and disagreements between the parties that will need to be resolved by the Court in order to arrive at an "adjusted offense level" calculation under the Sentencing Guidelines. For example, in the written plea agreement (copy attached) the parties do not agree on: (i) which section of the guidelines is applicable under the facts presented (*See* plea letter, para. 3(a)), (ii) whether the evidence supports the conclusion that this case involved "an express or implied threat of death, ... [or] bodily injury..." (*See*

plea letter, para 3(c)), (iii) whether an enhancement for "abuse of trust" is appropriate (*See* plea letter, para. 3(d)), and (iv) whether there are legally supportable grounds for downward departure (*See* plea letter, para. 3(e)).

3. DiFlumera is filing herewith a separate motion requesting an evidentiary hearing in connection with the sentencing in this case. As that motion explains, the taking of evidence is necessary for the Court to resolve the factual disputes described above, and to fairly address the departure grounds to be raised by DiFlumera at sentencing, including severe medical impairment and an acute gambling addiction problem.

4. Assistant U.S. Attorney Laura Kaplan assents to this request and motion for rescheduling.

5. DiFlumera's counsel requests that this matter be scheduled sometime during the week of July 6 or the week of July 26, since counsel is out of town and unavailable during the weeks of July 12 and 29. Counsel requests that the Court reserve a three-hour time period for the hearing at issue.

6. The requested rescheduling is in the interests of justice. DiFlumera waives any applicable Speedy Trial requirements and requests that the additional time be excluded under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8).

WHEREFORE, DiFlumera respectfully requests that this motion be allowed and the matter rescheduled.

By his attorneys,

/s/ Paul V. Kelly
Paul V. Kelly
Nicholas A. Klinefeldt
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, MA. 02110
(617) 338-9300

June 1, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing motion on Assistant U.S. Attorney by electronic mail.

/s/ Paul V. Kelly
Paul V. Kelly

**EXHIBIT A**



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 12, 2004

Paul V. Kelly, Esq.
Kelly, Libby & Hoopes
175 Federal Street
Boston, MA 02110

    Re: <u>United States v. Joseph DiFlumera</u>

Dear Mr. Kelly:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Joseph DiFlumera ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    Defendant shall plead guilty to the above-captioned Information. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in the Information, and is in fact guilty of that offense.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

    a.    20 years' incarceration in the custody of the Attorney General;

    b.    A fine of $250,000;

    c.    five years' supervised release; and

    d.    a special assessment of $100.00.

3. <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

(a) The U.S. Attorney takes the position that the base offense level is 18 pursuant to U.S.S.G § 2B3.2. The Defendant takes the position that the base offense level is 9 pursuant to U.S.S.G. § 2B3.3.

(b) The parties agree to take the position that the specific offense characteristic § 2B3.2(b)(2) applies and results in an increase of 4 levels.

(c) The U.S. Attorney takes the position that the specific offense characteristic § 2B3.2(b)(1) applies and results in an increase of 2 levels. The Defendant takes the position that U.S.S.G. § 2B3.2(b)(1) does not apply.

(d) The U.S. Attorney takes the position that the specific offense characteristic § 3B1.3 applies and results in an increase of 2 levels. The Defendant takes the position that U.S.S.G. § 3B1.3 does not apply.

(e) The defendant may also take the position that the court should depart downward. The defendant agrees to notify the court and the government of such grounds for departure and to provide to the government all documents upon which he will rely in support of such departure no less that thirty (30) days prior to the date set by the court for the sentencing hearing.

The government reserves the right to object to each downward departure requested by the Defendant.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time

2

between his execution of this Agreement and sentencing Defendant:

    (a) Fails to admit a complete factual basis for the plea;

    (b) Fails to truthfully admit his conduct in the offenses of conviction;

    (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d) Fails to provide truthful information about his financial status;

    (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g) Intentionally fails to appear in Court or violates any condition of release;

    (h) Commits a crime;

    (i) Transfers any asset protected under any provision of this Agreement; and/or

    (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. <u>Sentence Recommendation</u>

The United States Attorney agrees to recommend:

    (a) a term of imprisonment in the custody of the Attorney General that is within the guideline range as determined applicable by the court at the time of sentencing;

    (b) a fine that is within the guideline range as determined by the court at the time of sentence;

    (c) a term of supervised release of not more than five (5) years; and

    (d) a special assessment of $100.00.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

4

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines or application of minimum mandatory sentences; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines or application of minimum mandatory sentences.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the

5

U.S. Probation Office concerning his assets.

9.  <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated September 9, 2003 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the

6

Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated September 9, 2003. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated September 9, 2003. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Laura J. Kaplan.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By: *James B. Farmer*
    JAMES B. FARMER
    Assistant U.S. Attorney
    Chief,
    Criminal Division

    STEPHEN P. HEYMANN
    Assistant U.S. Attorney
    Deputy Chief,
    Criminal Division

    Laura J. Kaplan
    Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Joseph DiFlumera
Defendant

Date: Jan 28th 2004

I certify that Joseph DiFlumera has read this Agreement or has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Paul V. Kelly, Esq.
Attorney for Defendant

Date: 2-3-04

9