UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| v. | ) Criminal No. 4:04-cr-40002-NMG ) ) |
| JOSEPH DiFLUMERA | ) ) ) |

**DEFENDANT'S MOTION TO PERMIT THE PRESENTATION OF EVIDENCE AT SENTENCING HEARING**

Defendant Joseph DiFlumera, by and through his attorney, hereby moves the Court permit the presentation of evidence at the time of the sentencing hearing in this case. In support of this motion, DiFlumera states as follows:

1. As the Court will note in the forthcoming Presentence Report in this case, there are a number of factual disputes and disagreements between the parties that will need to be resolved by the Court in order to arrive at an "adjusted offense level" calculation under the Sentencing Guidelines. For example, in the written plea agreement (copy attached to accompanying Motion to Reschedule Plea and Sentencing Hearing) the parties do not agree on: (i) which section of the guidelines is applicable under the facts presented (*See* plea letter, para. 3(a)), (ii) whether the evidence supports the conclusion that this case involved "an express or implied threat of death, ... [or] bodily injury..." (*See* plea letter, para 3(c)), (iii) whether an enhancement for "abuse of trust" is appropriate (*See* plea letter, para.

2. 3(d)), and (iv) whether there are legally supportable grounds for downward departure (*See* plea letter, para. 3(e)).

3. DiFlumera proposes to offer evidence relevant to the offense level calculation to demonstrate: (i) that 2B3.3 is the proper offense level to be applied under the facts of this case, (ii) that he did not expressly or impliedly threaten anyone with bodily injury, (iii) that there was no abuse of a position of trust or use of special skill. This evidence may involve some brief testimony by DiFlumera and his former counsel, and the playing of excerpts of certain tape-recorded conversations, the interpretation of which is disputed by the parties.

4. In addition, DiFlumera proposes to offer evidence relevant to his motion for downward departure. Specifically, DiFlumera wishes to offer evidence and testimony: (i) from his treating physician relative to his extraordinary physical impairment and deteriorating medical condition, and (ii) from a recognized and highly qualify expert (Dr. Lance Dodes of the Harvard Medical School) who is prepared to testify that DiFlumera suffers from a severe and pathological gambling addiction that helps to explain his engagement in the charged illegal activity.

5. DiFlumera estimates that a hearing of no more that three hours should suffice to allow for plea colloquy, the presentation of evidence (described above) to resolve the guideline calculation and departure issues, and the actual imposition of sentence.

WHEREFORE, DiFlumera respectfully requests that this motion be allowed.

By his attorneys,

/s/ Paul V. Kelly
Paul V. Kelly
Nicholas A. Klinefeldt
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, MA. 02110
(617) 338-9300

June 1, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing motion on Assistant U.S. Attorney by electronic mail.

/s/ Paul V. Kelly
Paul V. Kelly

3