UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 04-40002-NMG |
| | ) |
| JOSEPH DIFLUMERA | ) |

**MOTION FOR CLARIFICATION AS TO HOW THE COURT
WILL SENTENCE THE DEFENDANT UPON CONVICTION**

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney, and Laura J. Kaplan, Assistant U.S. Attorney, request guidance from the Court as to how it will sentence the defendant upon conviction as a result of the recent holding of the United States Supreme Court in Blakely v. Washington, 2004 WL 1402697 (June 24, 2004). In support of this motion, the government states as follows:

1. On January 28, 2004, the defendant signed a plea agreement wherein he agreed to waive indictment and plead guilty to a one-count information charging him with a Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951. The plea agreement contains two issues on which the parties have not reached an agreement. (See paragraph 3(a) and (c) of the plea agreement attached hereto.)[1]

2. The Court granted the defendant's motion for a pre-plea presentence report which has been prepared and submitted to the parties and the Court.

---

[1] Paragraph 3(d) is no longer in dispute since the government accepts the analysis of the U.S. Probation Department.

3. The change of plea and sentencing of the defendant are scheduled for July 27, 2004. Since there is at least one disputed sentencing factor and another issue on which the parties have not agreed, the government wishes to advise the Court of our position with respect to Blakely so that the plea and sentencing can proceed in an expeditious manner. If the Court would like the government to file more extensive briefs, we will do so.

4. It is the government's position that Blakely does not apply to the Federal Sentencing Guidelines. Therefore, whatever disputed facts may exist should be resolved through factfinding by the Court under the preponderance of the evidence standard. If the Court disagrees, and if the Court believes that the resolution of contested facts surrounding Guidelines enhancements is necessary, we would request that the Court undertake discretionary sentencing within the statutory range.

5. The government requests that the Court advise the parties as to whether it believes that Blakely applies to the Guidelines and how it will sentence the defendant upon conviction (i.e. by applying the Guidelines as a whole, without regard to Blakely; by applying discretionary sentencing within the statutory sentencing range; or by applying the Guidelines to facts proved under the Blakely required procedures). The government would also request that at the time of sentencing the Court state alternative sentences to enable efficient and prompt resentencing in the event that later appellate developments

reject the approach that the Court applies. Therefore, the government requests that the Court state what sentence it would impose (1) under the Guidelines without regard to Blakely; (2) if the Court has discretion to impose sentence within the statutory range; and (3) under the Guidelines if Blakely applies.

WHEREFORE, the government requests that prior to the change of plea and sentencing scheduled for July 27, 2004, the Court issue some guidance as to how it will sentence the defendant upon conviction as a result of the recent holding of the United States Supreme Court in Blakely v. Washington, 2004 WL 1402697 (June 24, 2004).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Laura J. Kaplan (tes)
LAURA J. KAPLAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

Suffolk, ss.                    Boston, Massachusetts
                                July 19, 2004

   This is to certify that on this date a copy of the foregoing was faxed and mailed by first class mail to counsel of record.

   Paul V. Kelly, Esquire
   Kelly, Libby & Hoopes, PC
   175 Federal Street
   Boston, MA 02110
   (FAX:  617-338-9911)

By: /s/ Laura J. Kaplan (tes)
LAURA J. KAPLAN
Assistant U.S. Attorney