UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Numbers |
| | ) |
| V. | ) Violations: |
| | ) |
| | ) 18 U.S.C. §§ 1951, |
| | ) 1952 and 2 – |
| JOSEPH DIFLUMERA | ) Interference with Commerce |
| Defendant | ) By Extortion (Hobbs Act), |
| | ) and Interstate Travel In Aid |
| | ) of Racketeering. |

**INDICTMENT**

**COUNT ONE: (Title 18, United States Code, Section 1951 --
Hobbs Act Extortion)**

The Grand Jury charges that:

Between January 1989 and September 8, 2003, in Worcester County and elsewhere in the District of Massachusetts, the defendant,

JOSEPH DIFLUMERA,

and others did knowingly obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), in that he did attempt to and did obtain property, to wit, in excess of $1,000,000 from Victory Distributors, Inc. with its consent, which consent had been induced through the wrongful use of actual and threatened

force, violence and fear, including fear of economic harm.

In violation of Title 18, United States Code, Sections 1951 and 2.

**COUNTS TWO through FIVE** : (Title 18, United States Code, Section 1952 -- Interstate Travel in Aid of Racketeering Enterprises)

The Grand Jury charges that:

Between January 1989 and September 8, 2003, in Worcester County and elsewhere in the District of Massachusetts, the defendant,

JOSEPH DIFLUMERA,

and others did knowingly travel in interstate commerce from Florida to Massachusetts to receive money from Victory Distributors, Inc., with its consent, which consent had been induced through the wrongful use of actual and threatened force, violence and fear, including threats to cause labor problems and other economic harm, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, extortion in violation of the laws of Massachusetts, namely Chapter 265, Massachusetts General Laws, Section 25, and of Title 18, United States Code, Section 1951, and did thereafter perform and cause the performance of acts to promote, manage, establish and carry on, and facilitate the promotion, management, establishment and carrying on of said unlawful activity.

| Count | Approx. Date | Travel From/To |
|---|---|---|
| 2 | 6/20/03 | Florida to Boston |
| 3 | 7/03/03 | Florida to Boston |
| 4 | 8/12/03 | Florida to Boston |

| Count | Approx. Date | Travel From/To |
|-------|--------------|----------------|
| 5 | 9/04/03 | Florida to Boston |

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## **NOTICE OF ADDITIONAL FACTORS**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. In committing the offense charged in Count One of this indictment, defendant JOSEPH DIFLUMERA

    a. Committed an offense in which the loss exceeded $800,000 as described in U.S.S.G. § 2B3.1(b)(7)(E).

    b. Committed an offense involving an express or implied threat of death, bodily injury, or kidnapping as described in U.S.S.G. § 2B3.2(b)(1).

## FORFEITURE ALLEGATIONS

## (18 U.S.C. § 981 and 28 U.S.C. § 2461(c))

1.  As a result of the offenses in violation of 18 U.S.C. § 1951 (Hobbs Act extortion) charged in Count one of this Indictment, the defendant,

JOSEPH DIFLUMERA

shall forfeit all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense.

2.  As a result of the offenses in violation of 18 U.S.C. § 1952 (interstate travel in aid of racketeering) charged in Counts two through five of this Indictment, the defendant,

JOSEPH DIFLUMERA

shall forfeit all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense.

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 982 and Title 28, United States Code, Section 2461(c).

                              **A TRUE BILL**

                              _____
                              FOREPERSON OF THE GRAND JURY

_____
LAURA J. KAPLAN
Assistant U.S. Attorney

                              OCT 21 2004

DISTRICT OF MASSACHUSETTS; October   , 2004.

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk
10/21/04 at 4:51pm.

%JS 45 (5/97) - (Revised U.S.D.C. MA 2/7/02)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |
|---|---|

**Place of Offense:**          Category No.  II          Investigating Agency   DOL

City   LEOMINSTER          **Related Case Information:**

County   WORCESTER          Superseding Ind./ Inf.   X          Case No.   04-40002 (NMG)
                            Same Defendant   x          New Defendant
                            Magistrate Judge Case Number   03-1719(CBS)
                            Search Warrant Case Number
                            R 20/R 40 from District of

**Defendant Information:**

Defendant Name   Joseph DiFlumera          Juvenile:   ☐ Yes   X No

Alias Name

Address   24 Oak Brook Dr., Ormond Beach, Florida

Birthdate: 9/04/34   SS # 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   Sex: M   Race: white   Nationalit US

**Defense Counsel if known:**   Paul V. Kelly, Esq.   Address   175 Federal St., Boston, MA

Bar Number

**U.S. Attorney Information:**

AUSA   Laura J. Kaplan          Bar Number if applicable

Interpreter:   Yes   x☐ No          List language and/or dialect:

**Matter to be SEALED:**   ☐ Yes   ☐x No

   ☐ Warrant Requested          x Regular Process          ☐ In Custody

**Location Status:**

Arrest Date   9/ 8/03

   Already in Federal Custody as of _____ in _____
☐ Already in State Custody at _____   ☐ Serving Sentence   ☐ Awaiting Trial
x On Pretrial Release:   Ordered by:   J. Swartwood   on   9/08/03

**Charging Document:**   ☐ Complaint          x Indictment   Information

**Total # of Counts:**          ☐ Petty          ☐ Misdemeanor          ☐X Felony 5

Continue on Page 2 for Entry of U.S.C. Citations

X   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:   October 21, 2004          Signature of AUSA:   _Laura Kaplan_

JS 45 (5/97)  (Revised U.S.D.C. MA 2/7/02) Page 2 of 2 or Reverse

**District Court Case Number**   (To be filled in by deputy clerk): _____

**Name of Defendant**   Joseph DiFlumera

### U.S.C. Citations

| | **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|---|
| Set 1 | | | |
| Set 2 | 18 U.S.C. §1951 | Hobbs Act Extortion | 1 |
| Set 3 | 18 U.S.C. §1952 | Interstate Travel in Aid of Racketeering | 2-5 |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:** _____