UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) | Criminal No. 04-40002-NMG |
| JOSEPH DiFLUMERA | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM
FIRST SUPERSEDING INDICTMENT**

Defendant Joseph DiFlumera ("DiFlumera") hereby submits this memorandum of law in support of his Motion to Strike Surplusage from First Superceding Indictment.

### I.     BACKGROUND

The First Superseding Indictment, returned on November 18, 2004, charges DiFlumera with the following: (1) Hobbs Act Extortion in violation of 18 U.S.C. § 1951; (2) Mail Fraud in violation of 18 U.S.C. § 1341; (3) Wire Fraud in violation of 18 U.S.C. § 1343; and (4) Interstate Travel in Aid of Racketeering Enterprises in violation of 18 U.S.C. § 1952.  In addition, the First Superseding Indictment includes a "Notice of Additional Factors" which charges that:

> 1.     In committing the offense charged in Count One of this indictment, defendant JOSEPH DIFLUMERA
>     a.     Committed an offense in which the loss exceeded $800,000 as described in U.S.S.G. § 2B3.1(b)(7)(E).
>     b.     Committed an offense involving an express and implied threat of death and bodily injury, as described in U.S.S.G. § 2B3.2(b)(1).

The grand jury returned the original Indictment against DiFlumera on October 21, 2004 and then, subsequently, returned a Superseding Indictment against DiFlumera on

November 4, 2004. While the substantive charges alleged in these Indictments differed from the First Superseding Indictment, they all included the Additional Factors as worded in the First Superseding Indictment.

## II.    ARGUMENT

The Additional Factors in the First Superseding Indictment should be stricken as surplusage in the event that it decides not to submit them to the jury for determination. The Government apparently included these Additional Factors in reaction to *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004). However, the Additional Factors now appear to be unnecessary in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).

The Supreme Court adopted two separate holdings in *Booker*. The first question the Court addressed in *Booker* was "'[w]hether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant.'" *Booker*, 125 S.Ct. at *756 (*quoting* Pet. For Cert. in No. 04-104, p. I). The Court answered this question in the affirmative and held that, in those circumstances, "the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing." *Booker*, 125 S.Ct. at *756.

Having found that the Sentencing Guidelines violated the Sixth Amendment in this respect, the Court then turned to the question of what would be the appropriate remedy. Specifically, the Court considered "whether or to what extent, 'as a matter of severability analysis,' the Guidelines 'as a whole' are 'inapplicable . . . such that the sentencing court must exercise its discretion to sentence the defendant within the

2

maximum and minimum set by statute for the offense of conviction.'" *Booker*, 125 S.Ct. at *756 (*quoting* Pet. For Cert. in No. 04-104, p. I). In answering this question, the Court considered two possible approaches. One approach was to "engraft onto the existing system" the Court's Sixth Amendment "jury trial" requirement. *Booker*, 125 S.Ct. at *757. The other approach – the approach the Court adopted – was to make the Guidelines system merely advisory. *Id.* Thus, while it would be DiFlumera's preference to submit the Additional Factors to a jury for determination, that does not appear to be required by *Booker*.

In the event that the Court decides not to submit the Additional Factors to a jury for determination, the Additional Factors would then be surplusage under Fed. R. Crim. P. 7. Rule 7 provides that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed. R. Crim. P. 7(c)(1). It also provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment . . ." Fed. R. Crim. P. 7(d). The purpose of Rule 7(d) is to protect the defendant "against immaterial or irrelevant allegations in an indictment . . ., which may . . . be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's note.

Other courts have stricken similar additional sentencing language from indictments under *Booker* and Fed. R. Crim. P. 7. In *United States v. Cormier*, 226 F.R.D. 23, 24 (D. Maine 2005), the indictment included a section entitled "Sentencing Allegations," which contained assertions directed toward the application of potentially relevant provisions of the Sentencing Guidelines. The Sentencing Allegations asserted that the defendant possessed certain quantities of marijuana and Oxycontin, that during

3

the commission of one of the offense the defendant brandished a firearm, that two of the firearms used to commit drug trafficking offenses were stolen, and that the defendant committed the offenses when he was over eighteen years of age and less than two years from his release from imprisonment on a prior sentence. *Id.* The defendant moved to strike the Sentencing Allegations on the basis that they did not contain elements of the crimes charged and that some of them were prejudicial. *Id.* The court granted defendant's motion to strike, holding "[b]ecause *Booker* held that Sentencing Guidelines are not mandatory, but advisory only, if none of the facts contained in the Sentencing Allegations portion of the Indictment must be proven to a jury in order for this Court to consider them at sentencing, the allegations are surplusage and should be stricken. *Id.* at 25.

    Likewise, in *United States v. Dottery*, 353 F. Supp.2d 894, 896 (E.D. Mich. 2005), the grand jury returned an indictment that included additional facts intended to address sentencing factors that might be relevant to determining a sentencing range under the Guidelines. The allegations were that the defendant used a telephone to facilitate the distribution of 50 to 150 grams of crack and that the crack the defendant possessed was more than 20 grams but less than 50 grams. *Id.* The defendant moved to strike the additional facts as surplusage. *Id.* The court held that *Booker* rendered the addition of sentencing factors to the indictment unnecessary and granted the defendant's motion to strike. *Id.* at 899.

### III.   CONCLUSION

In conclusion, DiFlumera respectfully submits that the Court should strike the Additional Factors from the First Superseding Indictment in the event that it decides not to submit them to the jury for determination.

By his attorneys,

/s/ Paul V. Kelly_____
Paul V. Kelly
Nicholas A. Klinefeldt
KELLY, LIBBY & HOOPES, P.C.
175 Federal Street
Boston, MA. 02110
(617) 338-9300

Date: March 25, 2005