

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

September 13, 2005

Paul V. Kelly, Esq.
Kelly, Libby & Hoopes
175 Federal Street
Boston, MA 02110

> Re: Joseph DiFlumera
>     Criminal No. 04-40002

Dear Mr. Kelly:

This letter sets forth the Agreement between the United Stat
Attorney for the District of Massachusetts ("the U.S. Attorney
and your client, Joseph DiFlumera ("Defendant"), in the abov
captioned case.  The Agreement is as follows:

1.  Change of Plea

*second superseding*

At the earliest practicable date, Defendant shall plead guil
to Counts 2 through 7 of the above-captioned Indictment: Crim. N
04-40002.  Defendant expressly and unequivocally admits that he
fact knowingly committed the crimes charged in Counts 2 through
of the Indictment, and is in fact guilty of those offenses.

The government also agrees to dismiss counts 1 and 8 throu
11 of the Indictment at the time of sentence.

2.  Penalties

Defendant faces the following maximum penalties on each cour

a.  20 years' incarceration in the custody of the Attorr
    General;

b.  a fine of $250,000;

c.  five years' supervised release; and

d.  a special assessment of $100,00.

3.  Sentencing Guidelines

The parties agree to jointly take the following positions
sentencing:

(a)  The base offense level is 6 pursuant to U.S.S.G. §2B1.

(b)  The specific offense characteristic §2B1.1(b)(1)(
applies and results in an increase of 16 levels.

(c)  The specific offense characteristic §3B1.3 applies a
results in an increase of 2 levels.

The U.S. Attorney's agreement that the disposition set for
below is appropriate in this case is based, in part, on Defendant
prompt acceptance of personal responsibility for the offense(s)
conviction in this case.

The U.S. Attorney specifically may, at his sole option,
released from his commitments under this Agreement, including, b
not limited to, his agreement that paragraph 4 constitutes t
appropriate disposition of this case, if at any time between h
execution of this Agreement and sentencing, Defendant:

> (a)  Fails to admit a complete factual basis for t
> plea;
>
> (b)  Fails to truthfully admit his conduct in t
> offenses of conviction;
>
> (c)  Falsely denies, or frivolously contests, releva
> conduct for which Defendant is accountable unc
> U.S.S.G. § 1B1.3;
>
> (d)  Fails to provide truthful information about h
> financial status;
>
> (e)  Gives false or misleading testimony in a
> proceeding relating to the criminal conduct charg
> in this case and any relevant conduct for whi
> Defendant is accountable under U.S.S.G. § 1B1.3;
>
> (f)  Engages in acts which form a basis for finding th
> Defendant has obstructed or impeded t

2

administration of justice under U.S.S.G. § 3C1.1

(g) Intentionally fails to appear in Court or violat
any condition of release;

(h) Commits a crime; and/or

(i) Transfers any asset protected under any provisi
of this Agreement.

Defendant expressly understands that he may not withdraw h
plea of guilty, unless the Court rejects this Agreement under Fe
R. Crim. P. 11(c)(5).

4.   Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed.
Crim. P. 11(c)(1)(C) that the following is the appropria
disposition of this case:

(a) a term of imprisonment of 46 months;

(b) a fine that is within the guideline range
determined by the court at the time of senter
unless there is a finding that the defendant lac
sufficient funds to pay a fine ;

(c) a mandatory special assessment of $600; and

(d) a term of supervised release of not more than t
years.

The U.S. Attorney and Defendant agree that there is no bas
for a departure from the sentencing range established by the Unit
States Sentencing Guidelines, except as explicitly described
paragraph 3, above.   Accordingly, neither the U.S. Attorney r
Defendant will seek a departure on any ground from the Sentenci
Guidelines.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment
the Clerk of the Court on or before the date of sentencing, unle
Defendant establishes to the satisfaction of the Court th
Defendant is financially unable to do so.

6.   Waiver of Rights to Appeal and to Bring Collater   .
Challenge

3

Defendant is aware that he has the right to challenge h
sentence and guilty plea on direct appeal. Defendant is also awa
that he may, in some circumstances, be able to argue that his pl
should be set aside, or his sentence set aside or reduced, ir
collateral challenge such as pursuant to a motion under 28 U.S.
§ 2255.

In consideration of the concessions made by the U.S. Attorr
in this Agreement, Defendant knowingly and voluntarily waives h
right to appeal or collaterally challenge:

> (1) Defendant's guilty plea and any other aspect
> Defendant's conviction, including, but not limit
> to, any rulings on pretrial suppression motions
> any other pretrial dispositions of motions a
> issues; and
>
> (2) The imposition by the District Court of t
> sentence agreed to by the parties, as set out
> paragraph 4 and, even if the Court rejects one
> more positions advocated by the parties with rega
> to the application of the U.S. Sentenci
> Guidelines.

In consideration of the concessions made by the U.S. Attorr
in this Agreement, Defendant agrees not to seek to be sentenced
resentenced with the benefit of any successful collateral challer
of any counseled criminal conviction that exists as of the date
this Agreement.

Defendant's waiver of rights to appeal and to bring collater
challenges shall not apply to appeals or challenges based on n
legal principles in First Circuit or Supreme Court cases decic
after the date of this Agreement which are held by the Fir
Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations
the United States as set forth in 18 U.S.C. § 3742(b), and the U.
Attorney therefore retains his appeal rights.

### 7. Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the s
called "Hyde Amendment," authorizes courts in criminal cases
award to certain prevailing defendants attorneys' fees and oth
litigation expenses. In exchange for concessions made by the U.
Attorney in this Agreement, Defendant voluntarily and knowing

waives any claim that he might assert under this statute based
whole or in part on the U.S. Attorney's agreement in paragraph 1
dismiss counts one and eight through eleven.

### 8.   Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties a
their respective calculations under the Sentencing Guidelines a
not binding upon the United States Probation Office.   Defendant
C plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C
Defendant cannot withdraw his plea of guilty unless the sentenci
judge rejects this Agreement. If the sentencing judge rejects th
Agreement, this Agreement shall be null and void at the option
either the United States or Defendant. In this regard, Defenda
hereby waives any defense to any charges which he might otherwi
have under any statute of limitations or the Speedy Trial Act.

### 9.   Information For Presentence Report

Defendant agrees to provide all information requested by t
U.S. Probation Office concerning his assets.

### 10.   Civil Liability

By entering into this Agreement, the U.S. Attorney does n
compromise any civil liability, including but not limited to a
tax liability, which Defendant may have incurred or may incur as
result of his conduct and his plea of guilty to the charg
specified in paragraph one of this Agreement.

### 11.   Withdrawal of Plea By Defendant

Should Defendant move to withdraw his guilty plea at any tim
this Agreement shall be null and void at the option of the U.
Attorney.

### 12.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed
comply with any provision of this Agreement, has violated a
condition of his pretrial release, or has committed any cri
following his execution of this Agreement, the U.S. Attorney ma
at his sole option, be released from his commitments under th
Agreement in their entirety by notifying Defendant, through couns
or otherwise, in writing. The U.S. Attorney may also pursue a
remedies available to him under the law, irrespective of whether
elects to be released from his commitments under this Agreemen
Further, the U.S. Attorney may pursue any and all charges whi

5

have been, or are to be, dismissed pursuant to this Agreemer
Defendant recognizes that no such breach by him of an obligat:
under this Agreement shall give rise to grounds for withdrawal
his guilty plea. Defendant understands that, should he breach a
provision of this agreement, the U.S. Attorney will have the ric
to use against Defendant before any grand jury, at any trial
hearing, or for sentencing purposes, any statements which may
made by him, and any information, materials, documents or objec
which may be provided by him to the government subsequent to th
Agreement, or pursuant to any proffer agreement without a
limitation. In this regard, Defendant hereby waives any defense
any charges which he might otherwise have under any statute
limitations or the Speedy Trial Act.

### 13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for t
District of Massachusetts, and cannot and does not bind t
Attorney General of the United States or any other federal, sta
or local prosecutive authorities.

### 14. Complete Agreement

This letter contains the complete and only agreement betwe
the parties relating to the disposition of this case. No promise
representations or agreements have been made other than those s
forth in this letter and in the proffer letter dated September
2003. This Agreement supersedes prior understandings, if any,
the parties, whether written or oral with the sole exception
those contained in the proffer letter dated September 9, 200
This Agreement can be modified or supplemented only in a writt
memorandum signed by the parties or on the record in court.

6

    If this letter accurately reflects the Agreement between
U.S. Attorney and Defendant, please have Defendant sign
Acknowledgment of Agreement below.    Please also sign below
Witness.    Return the original of this letter to Assistant U
Attorney Laura J. Kaplan.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By

LAURA J. KAPLAN, Chief
Violent & Organized Crime
Section

## ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it
with my attorney.    I hereby acknowledge that it fully sets fort
my agreement with the United States Attorney's Office for the
District of Massachusetts.    I further state that no additional
promises or representations have been made to me by any officia
of the United States in connection with this matter.    I understa
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them.    I am satisfied with the legal
representation provided to me by my attorney.    We have had
sufficient time to meet and discuss my case.    We have discussed
the charges against me, possible defenses I might have, the ter
of this Plea Agreement and whether I should go to trial.    I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guil
and I believe this Agreement is in my best interest.

Joseph DiBlumera
Defendant
Date:_____ 9/26/05

7

I certify that Joseph DiFlumera has read this Agreement a
that we have discussed its meaning. I believe he understands    ⱻ
Agreement and is entering into the Agreement freely, voluntari
and knowingly.

Paul V. Kelly, Esq.
Attorney for Defendant

Date: _9-26-05_